UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

BRYAN KEITH BROWN,

    Petitioner,

    v.       CAUSE NO.: 3:18-CV-487-JD-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Bryan Keith Brown, a prisoner without a lawyer, filed a motion to reconsider the order denying his petition for habeas relief under Fed. R. Civ. P. 59(e). "A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant points to evidence in the record that clearly establishes a manifest error of law or fact." *Matter of Prince*, 85 F.3d 314 (7th Cir. 1996); *Deutsch v. Burlington N. R.R. Co.*, 983 F.2d 741 (7th Cir. 1993). "But such motions are not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment, or to present evidence that was available earlier." *Miller v. Safeco Ins. Co. of Am.*, 683 F.3d 805, 813 (7th Cir. 2012).

Brown argues that he is entitled to habeas relief because trial counsel was ineffective for failing to advise him that he had the right to testify at trial. Though the court has already considered the broader claim that trial counsel was ineffective for advising Brown not to testify, it did not specifically address this point. To prevail on an

ineffective assistance of counsel claim in the State courts, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668 (1984). The record demonstrates that trial counsel spoke with Brown about whether he should testify, considered Brown's reasons for wanting to testify, and explained why he believed that Brown should refrain. ECF 15-1 at 44-45; Trial Tr. 489-90, 494-95. The record does not specify whether trial counsel ever framed this decision as "waiving the right to testify," but it does show that Brown knew that he had the option to testify and that it was a significant decision and that Brown received the advice of trial counsel prior to informing the trial court of his decision. Consequently, even if Brown did not know that he had the right to testify, it is unclear how this lack of knowledge prejudiced him.

Brown may also be arguing that he did not waive the right to testify in a voluntary and intelligent manner. Brown omitted this claim from his habeas petition, and the State post-conviction court found that he had waived this claim by failing to present it on direct appeal. ECF 7-7 at 13-14. Because this claim is procedurally defaulted, the court cannot grant habeas relief on this basis. *See Rodriquez v. Scillia*, 193, F.3d 913, 916 (7th Cir. 1999) (exhaustion of State court remedies required for habeas relief).

Brown argues that the court should reconsider his claim that trial counsel failed to subject the prosecution's case to meaningful adversarial testing because it did not cite the trial transcript to support the following language in the order denying habeas relief:

> At trial, trial counsel gave an opening statement and a closing argument and cross-examined many of the prosecution's witnesses. He also presented witnesses to support the defense theory that Brown and the victim had a preexisting relationship based on drug transactions and that the altercation arose from a drug-related dispute rather than an attempted robbery.

ECF 28 at 12. The court's decision to not include citations in a particular section of an order is not a valid basis for relief under Fed. R. Civ. P. 59(e). Brown also contends that the court could have not supported this language with citations to the record, but this contention is baseless. A cursory look at the trial transcript's table of contents reveals that the trial transcript is replete with instances of trial counsel's argumentation, cross-examination, introduction of exhibits, and presentation of witnesses, and the court cited to several of these very instances just a few pages earlier in the same section of the order. ECF 28 at 8-9. The court declines to reconsider the order denying habeas relief based on Brown's dissatisfaction with citations.

Brown argues that the court did not consider his claim that the prosecution was constitutionally required to present evidence at trial showing that Sonia Rivera fired gunshots during the incident. Brown did not raise this argument as a claim in his habeas petition, and, even if he had, the court could not have granted habeas relief on this claim because he never presented it to the State courts. *See* ECF 7-3; ECF 7-7; ECF 7-15. Therefore, the court declines to reconsider the order denying habeas relief on this basis.

Brown further argues that he is entitled to habeas relief because trial counsel prevented him from testifying and because appellate counsel was ineffective for failing

to argue that the evidence presented at trial was insufficient to support his conviction. These arguments are merely an attempt to rehash the issues raised in the habeas petition and traverse, which were adequately addressed in the order denying habeas relief. ECF 28 at 11-12, 18-20. For the reasons set forth in that order, these arguments do not entitle Brown to habeas relief.

For these reasons, the court DENIES the motion to reconsider (ECF 30).

SO ORDERED on July 3, 2019

/s/ JON E. DEGUILIO  
JUDGE  
UNITED STATES DISTRICT COURT